**In re HOFFINGER INDUSTRIES, INC., Debtor.**

**Hoffinger Industries, Inc., Plaintiff,**

**v.**

**Brad Rinehart, Defendant.**

**Bankruptcy No. 2:01BK20514M.
Adversary No. 2:01AP2014.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

Sept. 27, 2004.

Charles R. Camp, Charles T. Coleman, Wright, Lindsey & Jennings LLP, Lance R. Miller, Stan D. Smith, Mitchell Law Firm, Leisa Pulliam, Pulliam Law Firm, Little Rock, AR, P. Keith O'Gorman, Burns, O'Gorman, Black & Weyand LLC, San Antonio, TX, Robert J. Wenbourne, Foley & Lardner, Sacramento, CA, Timothy J. Buckley, III, Finley & Buckley P.C., Atlanta, GA, for debtor.

Charles W. Tucker, Office of the U.S. Trustee, Little Rock, AR, U.S. Trustee.

James F. Dowden, James F. Dowden, P.A., Little Rock, AR, for Official Committee of Unsecured Creditors.

Frederick S. Wetzel, Frederick S. Wetzel, P.A., Little Rock, AR, for defendant.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

The Debtor has filed a motion asking for an award of attorney's fees in the sum of $83,952.00 and costs in the sum of $10,745.47 because it was the prevailing party in the above-captioned adversary proceeding against the Debtor's former chief operating officer, Brad Rinehart.

The Defendant filed a response objecting to the award of any attorney's fees as not being authorized by law.

Jurisdiction is pursuant to 28 U.S.C. §§ 1344 and 157. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A)(2000) and the Court may enter a final judgment in this case.

## DISCUSSION

The Amended Complaint by the Debtor alleged in relevant part as follows:

6. Prior to September 13, 2001, Rinehart served as President of Hoffinger.

7. On or about October 12, 2000, Rinehart was terminated as an officer of Hoffinger.

. . .

23. The defendant engaged in extravagant business travel and obtained cash for certain travel expenses that were charged to the company credit card.

24. Rinehart incurred certain personal expenses for himself or for his family which were wrongfully charged to Hoffinger Industries, Inc., as a business expense.

25. Rinehart made certain purchases including but not limited to pool furniture, outdoor fireplaces and other such items which are charged to Hoffinger Industries, Inc., as "R & D." These items were never returned to the Debtor.

26. Pursuant to 11 U.S.C. § 542, any personal property purchased by Rinehart at Hoffinger's expense constitutes property of the estate and should be immediately returned to the Debtor.

27. Additionally, the Debtor should have judgment against Rinehart for any amounts wrongfully charged as business expenses or "R & D" . . .

AP No. 01–2014, Amended Complaint, March 13, 2002.

The complaint also contained allegations concerning the rejection of an employment contract, unauthorized severance pay, excess life insurance, and use of a company-leased vehicle, but these issues were resolved in Rinehart's favor.

The Memorandum Opinion filed by this Court found in favor of the Debtor for

some, but not all, of the sums alleged to be due. The opinion summarized the categories in which Rinehart was held liable as follows:

A.  Post Bankruptcy Payments:
    Unearned Vacation Pay    $ 23,076.92
    Vacation Account Deficit $  7,499.99
B.  Life Insurance            -0-
C.  Medical and Dental
    Expenses                 $  6,201.60
D.  Payments to St. Mary's
    School                   $ 13,448.00
E.  Unauthorized Personal
    Expenses                 $  4,878.94
F.  Luggage Expense          $  3,597.44
G.  Home Furnishings,
    Household Items          $ 12,442.40
H.  Internet Charges         $    511.30
I.  Unauthorized Travel
    Expense for Family       $  6,781.00
J.  San Francisco Trip
    Food, lodging,
    transportation           $  2,349.23
K.  Trip to Europe including
    antique purchases        $ 20,646.31
L.  Trips to Hawaii for Brad
    Rinehart and Family      $  3,265.07
M.  Duplicate Expense
    Charges                  $  4,722.95
N.  Personal Automobile
    Repair Expense           $  1,079.56
O.  Personal Account No.
    140
    140 Charges after
    7/31/2001                $ 18,872.25
    Charge Off to Bank Fees  $  9,554.41
                             $  1,271.14
                             $  1,589.43

        TOTAL:               $ 141,787.94

AP No. 01–2014, Amended Memorandum Opinion, May 5, 2004, at 39–40.

During the trial, the parties never discussed the legal theory under which the Debtor sought judgment. The Debtor argues that it is the prevailing party in a breach of contract case and, therefore, under state law, is entitled to an award of attorney's fees. As authority, the Debtor cites both statutory and case law. *See* Ark.Code Ann. § 16–22–308 (Michie 1994) (prevailing party in breach of contract dispute may be allowed reasonable attorney's fee); *Curry v. Thornsberry,* 354 Ark. 631, 128 S.W.3d 438 (2003).

■ Rinehart argues that attorney's fees are not recoverable unless authorized by contract or by statute, citing the so-called American Rule. He points out correctly that section 16–22–308 of the Arkansas Code Annotated does not apply to tort claims. See, also *Mercedes–Benz Credit Corp. v. Morgan,* 312 Ark. 225, 232, 850 S.W.2d 297, 301 (1993).

■ Although the Debtor's complaint did allege some conduct that could have been construed as breach of the employment contract, the Debtor did not prevail on those portions of the complaint. The judgment against Rinehart is based on his conversion of the Debtor's assets. He gorged himself on corporate assets, falsely claiming he was repaying himself legitimate business expenses. Under Arkansas law, conversion is any distinct act of dominion wrongfully exerted over property in denial of, or inconsistent with the owner's rights. *McQuillan v. Mercedes–Benz Credit Corp.,* 331 Ark. 242, 247, 961 S.W.2d 729, 732 (1998). Conversion is a common law intentional tort action. *Buck v. Gillham,* 80 Ark.App. 375, 379, 96 S.W.3d 750, 753 (2003). Attorney's fees are not authorized by state law to the prevailing party in an action for conversion. *McQuillan,* 331 Ark. at 252, 961 S.W.2d at 734.[1]

---

1. The defendant's egregious conduct might have supported an award of punitive damages, but punitive damages were not addressed by the complaint. See, e.g., *Walt Bennett Ford, Inc. v. Keck,* 298 Ark. 424, 768 S.W.2d 28 (1989) (allowing punitive damages against a car dealer for conversion); *First Nat'l Bank v. Frey,* 282 Ark. 339, 668 S.W.2d 533 (1984) (permitting punitive damages for conversion in an amount sufficient to deter similar conduct in the future).

For these reasons, the motion for attorney's fees is denied.

IT IS SO ORDERED.